**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARLENE W. LOW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0505-CVE-PJC** |
| | ) | |
| **STEVEN CHU, The Honorable, Secretary,** | ) | |
| **Department ("Agency") of Energy, in his** | | ) |
| **capacity as an officer of the United States,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court are "Defendant's Motion to: 1) Strike Plaintiff's Complaint With Leave to Amend, Based Upon Violation of Fed. R. Civ. P. 8(a)(2); 2) Dismiss Plaintiff's Complaint in Part Pursuant to Fed. R. Civ. P. 12(b)(6); 3) Strike Plaintiff's Class Allegations Based on Fed. R. Civ. P. 23(a); 4) Deny Appointment of Class Counsel Based Upon Fed. R. Civ. P. 23(g)(1); and 5) Dismiss a Portion of Plaintiff's Complaint Based Upon Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction" (Dkt. # 10-5) and "Plaintiff's Opening Motion to: 1. Require Defendant to Comply with District Court Rule LCv7.2. 2. Rule Defendant has waived jurisdictional arguments by initiating Discovery. 3. Set Hearing to render a decision on proceeding with Class Action or other alternatives. 4. Set hearing to receive evidence if information was knowingly withheld that would negate Defendant's jurisdictional argument and cast Defendant with a negative shadow. 5. Set hearing to determine if Defendant knowingly withheld knowledge of current law beneficial to Plaintiff's case at expense of Defendant" (Dkt. ## 18-19).

**I.**

Low filed in this case a document titled "Personal and Class Action: Title VII of Civil Rights Act – Pattern and Practice of Preventing Females to achieve Senior Manager Positions" (Dkt. # 2).[1] Her claims arise out of her employment with the Southwestern Power Administration (SWPA).[2] She previously filed a gender discrimination suit against defendant, which resulted in a settlement agreement in 2000. Dkt. # 2, at 1.

Low essentially alleges that, due to gender discrimination, she has been unable to apply for her supervisor's position.  Id.  She alleges that the advertised requirements for the position are discriminatory or a pretext for discrimination, and that SWPA "manipulates" the promotion process to ensure that no women are promoted to senior management.  She also alleges that SWPA has a "pattern or practice" of discriminating against women and seeks to bring a class action lawsuit along with her individual claims.  See generally, Dkt. # 2.

Low currently has another case, No. 4:09-cv-0398-CVE-PJC, pending in this Court against defendant.[3]  In that case she alleges gender and age discrimination by SWPA, and alleges that SWPA breached the 2000 settlement agreement and retaliated against her.  See No. 4:09-cv-0398-

---

[1]    The Court will refer to this document as Low's complaint.  The Court refers Low to Fed. R. Civ. P. 7, which lists the pleadings allowed in federal court.

[2]    Low's complaint does not state the relationship between SWPA and defendant but, presumably, SWPA is within the United States Department of Energy, although this is not alleged in Low's complaint.

[3]    In that case, defendant filed a motion to strike Low's petition based on Fed. R. Civ. P. 8(a)(2) (No. 4:09-cv-0398-CVE-PJC, Dkt. # 7), which was granted (No. 4:09-cv-0398-CVE-PJC, Dkt. # 12).  Low filed an amended complaint (No. 4:09-cv-0398-CVE-PJC, Dkt. # 13) on September 23, 2009.

CVE-PJC, Dkt. # 13.  She has also filed in the United States Court of Federal Claims a contract action based on the 2000 settlement agreement.  See No. 4:09-cv-0398-CVE-PJC, Dkt. # 9.

Defendant asks the Court to dismiss or strike Low's complaint on a number of grounds:  to strike Low's entire petition with leave to amend based on a violation of Fed. R. Civ. P. 8(a)(2); to dismiss Low's class allegations pursuant to Fed. R. Civ. P. 12(b)(6); to strike plaintiff's class allegations pursuant to Fed. R. Civ. P. 23(a); to deny appointment of class counsel pursuant to Fed. R. Civ. P. 23(g)(1); and to dismiss certain claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Dkt. # 10-5.  The Court will not address every one of these requests because some are alternative grounds for striking or dismissing the same allegations.

## II.

1.     Compliance with Rule 8

Defendant requests that the Court strike Low's entire complaint with leave to amend for failure to comply with Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  FED. R. CIV. P. 8(a)(2).  Rule 8(a)(2) is both a floor and a ceiling.  Frazier v. Ortiz, No. 06-1286, 2007 WL 10765 at *2 (10th Cir. Jan. 3, 2007).[4]  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible . . . ."  New Home Appliance Ctr., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957).  The purpose of Rule 8 is to require "plaintiffs to

---

[4]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

state their claims intelligibly so as to inform the defendants of the legal claims being asserted." Mann v. Boatwright, 477 F.3d 1140, 1148 (10th Cir. 2007).

"'A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement requirement.'" Gometz v. U.S., No. 08-1470, 2009 WL 1705608, at *2 (10th Cir. June 18, 2009) (quoting Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993)).  A court may also strike the complaint with leave to amend. See Fed. R. Civ. P. 15; see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (upholding the district court's dismissal of complaint with leave to amend).

Defendant cannot be expected to answer Low's complaint as written.  When describing the complaints she made to the Equal Employment Opportunity Commission (EEOC), Low states "the situation at issue is any senior management position in SWPA."  Dkt. # 2, at 1.  The Court cannot divine the nature of Low's grievance from this statement, nor can it expect defendant to do so. Low's individual and class allegations are commingled.  It is, therefore, impossible to determine whether Low is alleging that the actions she lists damaged her in particular or other members of the class.  For example, Low alleges that "[w]ithin the past year which partially precipitated an EEO[C] complaint and this lawsuit, two males, each with three or less years of federal experience, have been advanced to a senior management position at SWPA."  Dkt. # 2, at 3.  Defendant and the Court are left to wonder whether Low was adversely treated with regard to these promotions or whether this fact is alleged to show discrimination against the purported class.  Low's vague and non-chronological factual allegations make it impossible for the Court to understand Low's version of the events upon which she bases her claims.  The second, eighth and ninth pages of the complaint

are the only ones in which Low alleges actions taken against her individually, but Low lists numerous other personnel actions, in no particular order, throughout.  Dkt. # 3, at 8-9.

The complaint is littered with argumentative statements, which are not appropriately included in a complaint.  For example:

> The federal employment system, is allegedly, with its safeguards, procedures, objectives, and resources, supposedly a model for the nation, when in fact, SWPA, based upon their own measuring scheme, rank among the worst entities for accomplishment and the integration of women into senior positions in their workplace -- undoubtedly, no federal agency could be any worst. [sic]

Dkt. # 2, at 5.  Defendant cannot reasonably be expected to respond to respond to this allegation. This is but one example of the argumentative, conclusory, and vague statements that make Low's complaint deficient.  Cf., e.g., Mann, 477 F.3d at 1148 (determining that a plaintiff made her complaint unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter'") (quoting United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

Low responds that the petition is not particularly long, and that "'. . . pleaders must show that their allegations 'possess enough heft' to establish an entitlement to relief.[']"  Dkt. # 17, at 4-5. This comment by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), was made in the context of distinguishing allegations "plausibly suggesting" actionable conduct, as opposed to allegations "merely consistent with" such conduct.  Twombly, 550 U.S. at 557.  This statement does not suggest approval of prolix and argumentative allegations.  If Low seeks to allege that SWPA's engineering requirements for its senior management positions are discriminatory or pretextual, she should do that without reciting pages of facts of questionable relevance and inappropriate argument.  She should not argue her entire case in her complaint.

Low's class allegations, scattered throughout her complaint, are incomprehensible.[5]  Low does not clearly or consistently define the class she seeks to represent.  Low's descriptions of the class include:

1. "All females who potentially could have ascended to a level to apply for senior manager positions and for those who did apply during the time period":

   a. from the creation of the Civil Rights Act of 1964 until present . . . and/or"

   b. "the creation of SWPA in 1943 . . . "  Dkt. # 2, at 3;

2. "the entire population of every female who has in the history of SWPA has either: (1) not been provided the opportunity and/or (2) has been denied the opportunity to move into senior management," id. at 4;

3. "college-trained females with a diverse professional background, position wise and geographical experience in multiple agencies and federal departments," id.;

4. "Plaintiff; the other SWPA, GS-14 women; and literally thousands of other federal female employees [who] would have been able to apply for" a reclassified management position, id, at 9;

5. "all existing and future female employees" of SWPA and "previous female employees," id. at 11.

The Court cannot determine which of these groups Low seeks to represent.  The complaint gives defendant inadequate notice of the class claims she seeks to assert.  Low agrees that "there is a need for a better and more precise definition of the proposed class."  Dkt. # 17, at 6.  She argues

_____

[5]     As a threshold matter, class allegations must comply with the Federal Rules of Civil Procedure, including Rule 8.  See John v. Nat'l Sec. Fire and Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23.  Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegations on the pleadings.").  Low's class allegations are deficient under both Rule 8 and Rule 23.  Cf., e.g., Monreal v. Potter, 367 F.3d 1224, 1237 (10th Cir. 2004) (affirming district court dismissal of a complaint because it failed to satisfy the requirements of Rule 23(b)).

that she cannot "collect[ ] the needed information from SWPA to define the class" without discovery.  Id.  There is a difference between defining the class and determining who is in the class, once defined.  Low must describe the class she seeks to represent, even if she does not currently know the identities of individual class members.  As Low states in her reply, "the class must be sufficiently describable so that the court can contemplate with some confidence who is, and who is not, a member of the class."  Id. at 6-7.  By including numerous different descriptions of the class, and failing to clearly describe the group she seeks to represent,  Low's complaint does not comply with Rule 8 or Rule 23.[6]

2.      Jurisdiction over certain claims

Defendant also argues that the Court lacks subject matter jurisdiction over some of Low's claims.  "Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII."  Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996); see also Ransom v. U.S. Postal Svc., 170 Fed. App'x 525, 526-27 (10th Cir. Feb. 10, 2006) (affirming district court's dismissal for lack of subject matter jurisdiction where plaintiff failed to exhaust administrative remedies).  Therefore, the Court must determine whether Low has exhausted her administrative remedies regarding the allegations in her complaint.[7]

---

[6]     Because the Court cannot determine the contours of the class Low seeks to represent, it cannot begin to determine whether her class allegations satisfy the other requirements of Rule 23.  Further, the Court will not dismiss the class claims pursuant to Rule 12(b)(6) because the Court cannot determine what it would be dismissing.

[7]     Even though Low must file an amended complaint to comply with Rule 8, see supra, the Court addresses defendants' jurisdictional arguments because Low cannot re-allege claims over which the Court lacks jurisdiction.

A plaintiff seeking to bring a Title VII claim in a district court must first have brought that claim in an EEOC complaint.[8]  In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court held that, in order to exhaust remedies, a Title VII plaintiff must bring an EEOC complaint regarding each discrete act of discrimination for which she seeks redress in a district court.  See also Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) ("each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted").  In the Tenth Circuit, this rule excludes unexhausted claims for discrete acts occurring both before and after a plaintiff's EEOC complaint.  Id. at 1210-11.

In her complaint in this Court, Low mentions three EEOC complaints.[9]  The first is her 1999 EEOC complaint, which resulted in a lawsuit and a settlement agreement that is the subject of her other pending suit in this Court.  She alleges that she filed a second EEOC complaint[10] "about a

---

[8]     Federal employees must also comply with particular regulations, including contacting a counselor within forty five days of the allegedly discriminatory action.  See 29 C.F.R. § 1614.105.  Defendant does not argue that Low's complaints were untimely.

[9]     Low did not attach copies of these EEOC complaints to her complaint.  Defendant attached copies of the two most recent EEOC complaints to its motion to dismiss.  See Dkt. # 10-6.  Low did not dispute their authenticity.  See Dkt. # 17.  When reviewing a factual attack on subject matter jurisdiction, the Court may consider matters outside the pleadings without converting the motion to a Rule 56 motion.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[10]    Low inexplicably alleges that the 1999 EEOC complaint and the 2008 EEOC complaint "were later combined due to their similarity, except for the passage of time and another lost opportunity to place a female."  Dkt. # 2, at 2.  Low does not explain how or by whom the EEOC complaints were "combined."  It defies reason to think that the EEOC would "combine" complaints covering two different hiring decisions over ten years apart, one of which was subject to a settlement agreement.  Morgan and the Tenth Circuit's subsequent caselaw, e.g., Martinez, 347 F.3d 2308, foreclose Low's attempts to combine the two through a "continuing violation" theory.  See infra.

decade later . . . upon her supervisor's position yet again being *filled* by a male." Dkt. # 2, at 1 (emphasis in original). She also filed a class EEOC complaint. Id. at 2. Low alleges, and defendant does not dispute, that Low complied with the administrative process required for filing the 2008 individual EEOC complaint and the class EEOC complaint. Defendant argues that the Court's subject matter jurisdiction is limited to the events named in Low's 2008 individual and class EEOC complaints, and asks the Court to dismiss the unexhausted claims pursuant to Rule 12(b)(1).

Low's 2008 individual EEOC complaint states that she "can not apply for my supervisor's position, as it is only being advertised in an Engineering series."[11] The advertisement of a position, like the failure to promote, is a discrete act. See Morgan, 536 U.S. at 114 ("discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify"). Low has exhausted her administrative remedies regarding the allegedly discriminatory advertisement mentioned in her 2008 individual EEOC complaint.

However, Low's complaint in this Court lists additional discrete acts and makes general allegations of discrimination not mentioned in her 2008 individual EEOC complaint. For example, she alleges that she "has continually made application for senior management positions within SWPA and has been totally denied the opportunity to apply or has been rejected as not being 'well qualified.'" Dkt. # 2, at 2-3. Any prior or subsequent rejections are discrete acts for which EEOC complaints must be filed. See Morgan, 536 U.S. at 114. Low alleges that SWPA manipulates merit

---

[11]    The complaint also describes a reorganization at SWPA in 2005, in which the agency's "engineering function" was placed with "a non-engineer who only had a degree in religion," and describes an engineer promoted to a GS-15 position whose "responsibilities did not include engineering." Low does not allege that any of these actions were directed at her or directly affected her. The Court assumes that Low alleged these facts as evidence that the engineering requirement in the 2008 position advertisement was discriminatory.

promotion system procedures in order to prevent females from obtaining promotions. Id. at 7.  She repeats the allegations in her other pending lawsuit in this Court, alleging that "SWPA has intentionally failed to provide her with supervisory opportunities needed to advance" and "has actively worked to deny [her] supervisory responsibilities . . . " in violation of Title VII and the 2000 settlement agreement. Id. at 8.  She alleges that, since 1999, she applied for two senior management positions but never made the "'final selection pool' as she was deemed insufficiently qualified." Id. at 9.  She wished to apply for a third management position but was unable to do so, and did not apply for a fourth "due to frustration of previous rejections and being told she lacked sufficient supervisory experience . . . ." Id.  None of these discrete actions was included in her 2008 individual complaint.[12]  See Dkt. # 10-6, at 1-4.

Low attempts to sweep in additional discrimination claims by labeling her allegations as those for a "continuing violation."  However, the Tenth Circuit has "unambiguously recognized Morgan as rejecting application of the 'continuing violation' theory."[13] Martinez, 347 F.3d at 1211. Low must exhaust her administrative remedies regarding each discrete act for which she claims relief.  Low's reliance on the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-43, 123 Stat. 5 (codified in scattered sections of 29 and 42 U.S.C.), is misplaced.  That law defines when discriminatory compensation practices "occur," and the time period in which associated complaints must be filed.  See 42 U.S.C. § 200e-5(3)(A).  Contrary to Low's assertion, it did not "severely

---

[12]     Many of these allegations could not have been included in her 2008 complaint because they would be time-barred.

[13]     The continuing violation theory is still viable as applied to hostile work environment claims. However, Low does not make any such allegations.

limit[ ] and/or overturn[ ]" <u>Morgan</u>, Dkt. # 17, at 13, with regard to discriminatory hiring, promotion or position-advertising practices.

However, the Tenth Circuit has held that a Title VII plaintiff may exhaust administrative remedies regarding an individual claim through the filing of a class EEOC complaint. <u>Monreal v. Potter</u>, 367 F.3d 1224, 1231-32 (10th Cir. 2004). Low's class EEOC complaint describes numerous discrete actions beyond those mentioned in her 2008 individual complaint. <u>See</u> Dkt. # 10-6, at 6-15. The Court therefore will not dismiss any of Low's claims with prejudice at this time. Defendant is free to renew its jurisdictional arguments if applicable to any claims that Low chooses to re-plead.

Defendant also argues that the prior settlement agreement limits this Court's jurisdiction over some of Low's class allegations. It argues that Low does not have standing to bring claims that she waived pursuant to that agreement. Dkt. # 10-5, at 31. Low responds that defendant has breached the settlement agreement. Dkt. # 17, at 14. She has filed another suit in this Court alleging breach of the settlement agreement. Because the Court is unable to determine the nature or scope of the class claims Low seeks to bring and requires Low to re-plead her claims, <u>see</u> <u>supra</u>, the Court will not address defendant's argument regarding Low's standing at this time.

However, in the interest of efficiency, the Court suggests that Low consider 29 C.F.R. § 1614.504(a) prior to filing an amended complaint. If she believes that a settlement agreement has been breached, the "complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(a). However, Low may not simultaneously argue for rescission and specific enforcement of the settlement agreement. <u>See</u> <u>Kirby v. Dole</u>, 736 F.2d 661, 663-64 (11th Cir. 1984) ("one who agrees to settle his [ADEA] claim cannot subsequently seek both

11

the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle"),

Alcivar v. Wynne, 268 Fed. App'x 749, 754 (10th Cir. March 10, 2008) ("[a Title VII] plaintiff may

not simultaneously sue to enforce the [settlement agreement] and seek to recover on the underlying

claims of discrimination and retaliation").  Low should consider this regulation's applicability before

filing an amended complaint that includes claims potentially covered by the 2000 settlement

agreement.

### III.

Plaintiff also makes a number of motions, filed in Dkt. ## 18 and 19.  Plaintiff asks the Court

to (1) require defendant to comply with Local Rule 7.2; (2) rule that defendant has waived

jurisdictional arguments by initiating discovery; (3) set a hearing to render a decision on proceeding

with a class action; (4) set a hearing to receive evidence if information was knowingly withheld that

would negate defendant's jurisdictional argument and "cast defendant with a negative shadow;" and

(5) set a hearing to determine if defendant knowingly withheld knowledge of current law beneficial

to plaintiff's case at expense of defendant.  To date, defendant has not filed a response,  but the

Court finds that a response is not necessary.

1.     <u>Motion to require compliance with LCv.R. 7.2</u>

Low contends that defendant's motion to strike (Dkt. # 2) exceeds the "local rule's maximum number of pages," and requests that the Court require defendant to amend its motion.  Dkt. # 18, at 2.  Local Civil Rule 7.2 states that briefs must be no longer than twenty-five pages.   The text of the document at issue is twenty-five pages, with the signature block and certificate of service extending to a twenty-sixth page.  Even if this were to violate LCv.R. 7.2, Low does not allege any hardship caused by this length.  Low admits that her "request appears a bit petty on the surface, but is simply in response to Defendant's concentration on the Rules being an offensive tool  . . . and holding Plaintiff's feet to the 'procedural fire.'"  Dkt. # 18, at 2.

The Court finds no evidence suggesting that defendant has used the Federal Rules as an "offensive tool" in this case.  Defendant filed non-frivolous motions to strike and dismiss, which did not rely on mere technicalities.  There is a vast difference between moving to have a confusing pleading re-written and complaining about a signature block extending one page too far.  This part of the motion is denied.

2.     <u>Motion to render a decision that defendant waived jurisdictional challenges</u>

Low alleges that on October 28, 2008 her counsel received an e-mail request for discovery from defendant's counsel.[14]  Dkt. # 18, at 2.  Low asks the Court to treat this as "a complete waiver of any and all jurisdiction arguments currently before the court  . . . ."  <u>Id.</u> at 3.  The only jurisdictional arguments currently before the Court are defendants' arguments that the Court lacks subject matter jurisdiction.  The subject matter jurisdiction of a federal court can never be waived.

---

[14]     Low does not attach the e-mail or describe its contents.  The Court is therefore unable to determine whether the e-mail was, in fact, a discovery request and whether it related to this case or Low's other pending cases.

Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (1994) ("[p]arties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction"). No conduct by defendant could waive subject matter jurisdiction.

Low also requests that the court set a date to file an answer and to respond to her motion for partial summary judgment (Dkt. # 6). Such a ruling would be entirely inappropriate. The Court previously instructed Low that her motion for summary judgment was premature (Dkt. # 7) because Rule 12(a)(2) states that agencies and officers of the United States have sixty days in which to answer a complaint. As Low's entire complaint is now stricken, her motion for partial summary judgment is now moot.

Finally, Low requests that the Court strike defendant's October 28, 2009 discovery request. Low should be aware that all discovery motions are to be separately filed and are automatically referred to the assigned discovery magistrate judge, in this case Judge Cleary. This part of the motion falls within this category and is denied.

3.    Motion to set a hearing on the class action

This request is, in fact, several requests. Low asks the Court to:

Enter an order to set a hearing to receive evidence on a decision to proceed with a Class Action; or in the alternative provide for the implementation of Fed. Rules Civ. P. 20(a)(1) and 15(a)(2); or in the alternative, order the EEOC (Equal Employment Opportunity Commission) to fulfill their failed responsibility to investigate and render a decision on Plaintiff's properly-filed, class-action EEOC Complaint pursuant to 29 CFR § 1614.204(i); or in the alternative, offer the named Plaintiff with the opportunity to pursue the claim solely in her own behalf, but provided with expanded discovery scope (e.g., deposition numbers).

Dkt. # 18, at 3. The Court determined that Low must file an amended complaint stating her class allegations more clearly. See supra. Therefore, any ruling on class action procedure would be

14

premature.  Further, the EEOC's alleged failure to investigate and render a decision on Low's class complaint has not affected her ability to bring a class action.  Defendant has not argued that Low's use of the EEOC complaint process was deficient.  Therefore, the Court will not, at this time, order the EEOC to take any action, and this part of the motion is denied.

4.      Motion to set a hearing on defendant's jurisdictional argument regarding the settlement

"Plaintiff moves the Court to set a hearing to determine the validity of Defendant's jurisdictional restriction argument [regarding waiver of settled claims], as well as to determine if there has been any breach of duties."  Id. at 7.  The Court has not determined that any claims are barred by the settlement agreement.  As Low is required to file an amended complaint, any hearing on this issue would be premature.  Further, Low's suggestion that "federal officers" breached some duty of "reasonable inquiry and that factual contentions have support"  id. at 6, is utterly without support.  She points to no specific conduct that was a breach of any duty owed to her or to the Court. The Court finds nothing inappropriate in defendant's raising the waiver issue, and this part of the motion is denied.

5.      Motion to receive evidence that defendant ignored applicable law

Last, Low requests that the court "receive evidence that Defendant knowingly and intentionally ignored, to Plaintiff's potential detriment . . . the existence of . . . the "Lilly Ledbetter Fair Pay Act of 2009."  Id. at 7.  Low suggests that defendant's failure to reference the Lilly Ledbetter Fair Pay Act was somehow inappropriate or malicious.  As detailed supra, the Act is simply not relevant to Low's case, as she has made no allegations of discrimination in compensation. There is nothing improper about defendant's failure to reference irrelevant law, and this part of the motion is denied.

15

**IT IS THEREFORE ORDERED** that defendant's motion (Dkt. # 10-5) is **granted in part** and **moot in part**: defendant's motion to strike plaintiff's complaint with leave to amend is **granted**; defendant's remaining motions to strike or dismiss are **moot**.  The document titled "Personal and Class Action: Title VII of Civil Rights Act – Pattern and Practice of Preventing Females to achieve Senior Manager Positions" (Dkt. # 2) is **stricken**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint no later than December 9, 2009; provided, however, that any amended complaint shall comply with the following requirements:

1.  The complaint shall comply with the Federal Rules of Civil Procedure;

2.  The complaint shall clearly and concisely identify the class plaintiff seeks to represent, if any; and

3.  The complaint shall separately state in separate counts each of plaintiff's individual and class claims, if any.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment (Dkt. # 6) is **moot**.

**IT IS FURTHER ORDERED** that plaintiff's motions and requests contained in Dkt. ## 18 and 19 are **denied**.

**DATED** this 1st day of December, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT