### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARLENE W. LOW, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 09-CV-0505-CVE-PJC** |
| | ) | |
| STEVEN CHU, The Honorable, Secretary, | ) | |
| Department ("Agency") of Energy, in his | ) | |
| capacity as an officer of the United States, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court are defendant's Motion to Dismiss All or Part of Plaintiff's Amended Complaint (Dkt. # 24) and "Plaintiff's Opening Motion for Leave of Court for Plaintiff to Amend Class Action Claim with Individual Claim in Keeping with Failed EOOC Procedure Envisioned Generally in 29 C.F. R. § 1614.204, and Specifically in 29 C.F.R. § 1614.204(d)(7), and/or in the alternative, Amend Pursuant to Fed. R. Civ. P 15(a)(2)" (Dkt. # 26).[1] Plaintiff Darlene Low filed a second amended complaint[2] (Dkt. # 23) in which she sought to bring personal and class claims against defendant for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant filed a motion to dismiss (Dkt. # 24). Low filed a response (Dkt. # 25) and a motion to amend her complaint (Dkt. # 26). Low seeks to amend her second amended complaint to eliminate her class claims and pursue individual claims only. Dkt. # 26.

---

[1]     The Court will refer to this motion as the motion to amend.

[2]     Low filed a first amended complaint (Dkt. # 21), which was stricken for failure to comply with the Federal Rules of Civil Procedure and the Court's previous Opinion and Orders in the case. Dkt. # 22.

Defendant does not object to Low abandoning her class claims, but argues that Low may not bring some of the individual claims she seeks to assert in her third amended complaint. Dkt. # 29.

## I.

Low is a female employee of the Southwestern Power Administration (SWPA), an agency within the United States Department of Energy (DOE). In 1999, Low filed a gender discrimination suit against SWPA. In 2000, Low and SWPA entered into a settlement agreement regarding that claim. Low filed a complaint and a first amended complaint in this case seeking to bring personal and class claims for gender discrimination by SWPA. Dkt. ## 2, 21. Those complaints were stricken for failure to comply with the Federal Rules of Civil Procedure. Dkt. ## 20, 22. Low's second amended complaint (Dkt. # 23) is the subject of defendant's motion to dismiss. However, in addition to opposing defendant's motion to dismiss, Low seeks to amend her second amended complaint. Low currently has an additional suit pending before this Court in which she alleges gender and age discrimination and retaliation in connection with the 2000 settlement agreement and the removal of some of her work responsibilities in 2007 or 2008. See Case No. 4:09-CV-0398-CVE-PJC.[3]

On September 28, 2008, Low filed an Equal Employment Opportunity Commission (EEOC) charge (charge # 1) with DOE alleging that Dallas Cooper removed a "major portion of [her] job and gave it to a significantly younger female" on August 29, 2007, and alleging a hostile work

---

[3]     In that case, Low's first complaint was stricken for failure to comply with Fed. R. Civ. P. 8. Case No. 4:09-CV-0398-CVE-PJC, Dkt. # 12. Low filed an amended complaint, which was dismissed in part for lack of jurisdiction. Case No. 4:09-CV-0398-CVE-PJC, Dkt. # 22. The Court has placed restrictions on the titles of pleadings filed by Low in her two pending cases. Dkt. # 20. Low also filed suit in the United States Court of Federal Claims, alleging breach of the 2000 settlement agreement. That suit was dismissed without prejudice. Dkt. # 25, at 3.

environment at SWPA.  Dkt. # 25, at 7.   Charge # 1 also references a "complaint made on 9/8/08 of discrimination and retaliation for not being able to apply for Dallas Cooper's vacated position - a formal complaint also made for this act."[4]  Id.

On October 17, 2008, Low filed an EEOC charge (charge # 2) with DOE alleging that "since 1989 when coming to SWPA, [she has] been unable to apply for [her] supervisor's position."  Dkt. # 23, at 17.  She alleged that she could not apply for the position because it was advertised in an engineering series only.  Id.  Low does not have an engineering degree.  Id. at 33.  The attached agency counselor's report states that Low wanted the Assistant Administrator for Corporate Facilities position re-advertised to include the managerial series in addition to the engineering series.  Dkt. # 23, at 19.  In December 2008, Low sent a letter to DOE stating her intent to pursue this claim as a class complaint.  Id. at 27.

On January 24, 2009, Low filed an EEOC charge (charge # 3) with DOE alleging that "since inception in 1943, with concurrence from its Federal Department (now DOE), SWPA intentionally and systematically excludes ***Females*** from the GS-15 level and above."  Id. at 31 (emphasis in original).  The charge also stated that it was a class action.  Id.  The attached counselor's report states that Low's "informal complaint was prompted by the selection of Scott Carpenter in December 2008 to the position of Assistant Administrator of Corporate Facilities.  Ms. Low contends that the  vacancy was not posted on the USA Jobs website, and that the engineering degree requirement was designed to exclude women from applying.  Ms. Low does not have an engineering degree and did not apply for the job."  Id. at 33.

---

[4]     Low contacted an Equal Employment Office (EEO) counselor on September 8, 2008 and stated that she wanted to make a complaint concerning the vacancy announcement for the Assistant Administrator for Corporate Facilities position.  Dkt. # 24-2, at 3.

The counselor's report further states that Low alleged she had applied for three GS-15 level positions.  Id.  In 2006, she applied for the Assistant Administrator for Corporate Services position at SWPA.   Gary Swartzlander was selected for the position.   In 2007, she applied for the Administrator position at SWPA. Jon Worthington was selected for the position. Also in 2007, Low applied for a Director of Financial position with Western Power Authority in California.   The counselor stated that Low did not know who was selected for that position.  Id.

Low attached to charge # 3 several pages of allegations under the heading "[r]easons **_why_** women have been excluded from senior management . . . ." Dkt. # 25, at 11 (emphasis in original). Some of these are allegations of actions taken toward Low.[5]  These are: comments made by supervisors, id.; failure to give Low opportunities for training or a mentor, id. at 12; Low's inability to apply for her supervisor's position in 1999, id.; Low's inability to apply for her supervisor's position in 2008 due to the engineering requirement in the vacancy announcement, id. at 13; designation of Low as "qualified," rather than "highly qualified" for an unspecified GS-15 position for which Low applied but was not selected, id. at 14; Low's never having been asked to be "acting,"[6] id. at 15; and selection of a male for a "long-term training assignment" for which Low "put in," id.

---

[5]     Many other statements are conclusory, speculative, argumentative, or simply incomprehensible references to unspecified events.  For example: "If an oath of office is still required ( or if addressed in position descriptions), it is hard to imagine how no senior staff individual ever rose to the occasion to stop and report an illegal act these past several decades.  The probability approaches 100 per cent that a responsible federal office was aware of and failed to report – again probably a culture situation and desire to exclude females." [sic]  Dkt. # 25, at 16.  The Court has extracted each item that could be construed as an allegation of a discriminatory adverse action against Low.

[6]     Low does not explain the meaning of this term.

4

From these materials, the Court has been able to construct a rough timeline of Low's version of the major events in this case and in Case No. 4:09-CV-0398-CVE-PJC. In 1999, Low was unable to apply for her supervisor's position. Low filed a suit in this Court, which was settled in 2000. Pursuant to the settlement agreement, Low was placed in a new position at the GS-14 level. In 2006, Low applied for, but did not receive, the Assistant Administrator for Corporate Services position at SWPA, a GS-15 level position. In 2007, Low applied for, but did not receive, the Administrator position at SWPA and the Director of Financial position at the Western Power Authority, both also GS-15 level positions. In August 2007, Dallas Cooper removed some of Low's responsibilities and gave them to a younger female. In 2008, Low wanted to apply for the Assistant Administrator of Corporate Facilities position (previously held by Dallas Cooper), but could not because the vacancy announcement required an engineering degree. Scott Carpenter was selected for this position in December 2008. Dkt. # 23, at 33.

Defendant seeks to dismiss Low's second amended complaint. Low seeks to amend the second amended complaint to eliminate her class claims and to assert additional individual claims. First, the Court will consider defendant's motion to dismiss the second amended complaint with regard to the individual claims only. Second, the Court will consider Low's motion to amend.

## II.

Defendant moves to dismiss some of the individual claims in Low's second amended complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions are either facial or factual attacks on the sufficiency of the complaint:

> Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true. In a factual attack . . . however, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. In such a

situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).

Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005) (citations omitted).  A court need not convert a 12(b)(1) motion to one for summary judgment when considering matters outside the pleadings.  Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  However, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."  Id.  The jurisdictional question is intertwined with the merits when subject matter jurisdiction is dependent on the same statute as the substantive claim.  Id.  That is not the case here.  See Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324-25 (10th Cir. 2002) (rejecting plaintiff's argument that subject matter jurisdiction was intertwined with the merits of a Title VII case, where the jurisdictional issue was exhaustion of administrative remedies).

Exhaustion of administrative remedies is a "'jurisdictional prerequisite' to suit under Title VII."  Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996).  However, timely exhaustion of administrative remedies is not a jurisdictional prerequisite, because filing deadlines may be subject to equitable tolling in appropriate circumstances.  Sizova, 282 F.3d at 1325.  Thus, a court may consider matters outside the pleadings on a Rule 12(b)(1) motion when determining whether administrative remedies were exhausted, but not when considering whether those remedies were timely exhausted.

Federal employees who wish to bring gender discrimination claims "must consult [an agency EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter."  29 C.F.R. § 1614.105(a).  A claimant "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action."  Id.  After an attempt at informal resolution through the EEO counselor, a federal employee who wishes to bring a Title VII claim must follow the process set forth in 42 U.S.C. § 2000e-5.  See 42 U.S.C. § 2000e-16(c) (stating that a federal employee may file a civil action as provided in § 2000e-5 if aggrieved by the disposition of her informal complaint).  This process includes filing a formal EEOC charge.  See 42 U.S.C. § 2000e-5.  A district court lacks jurisdiction over those claims not brought to an EEO counselor or in an EEOC charge.  Jones, 91 F.3d at 1399.

Further, a Title VII plaintiff must exhaust administrative remedies for each discrete act of discrimination for which she seeks redress.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); see also Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) ("each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted").  Termination, failure to promote, denial of transfer, and refusal to hire are examples of discrete acts.  Morgan, 536 U.S. at 113.  The rule requires exhaustion of claims for discrete acts occurring both before and after a plaintiff's EEOC charge.  Martinez, 347 F.3d at 1210-11.  However, the Tenth Circuit has held that a Title VII plaintiff may exhaust administrative remedies regarding an individual claim through the filing of a class EEOC charge.  Monreal v. Potter, 367 F.3d 1224, 1231-32 (10th Cir. 2004).  Thus, the Court's

jurisdiction over claims in the second amended complaint is limited to those claims that Low brought in her three EEOC charges.[7]

A.    <u>Individual Claims in the Second Amended Complaint</u>

Low describes the following discrete actions in the "Claim of Darlene W. Low" section of her second amended complaint:  the vacancy announcement for the Assistant Administrator for Corporate Facilities position, Dkt. # 23, at 3; the selection of a male for that position, <u>id.</u>; and "the most recent GS-15 selection  . . . [of] a male with a history degree in his very young thirties with little federal experience," <u>id.</u> at 4.  Low also makes the following generalized allegations: "she is qualified, yet since her tenure at SWPA, at least thirteen, GS-15 or above positions have been filled, all by males – five in about the past four years," <u>id.</u> at 3; "manipulation of employment practices, especially the job series manipulation and criteria in the vacancy announcement," <u>id.</u> at 4; "other practices  . . . (e.g. not requiring supervisory experience for higher levels or rejecting the entire selection pool if the preselected male is 'not reachable' -- if this were not so then at some time or another, a female would have been selected [ ) ]," <u>id.</u>  Low makes additional allegations in the "Only Low Has Personally Exhausted Administrative Remedies" section of the second amended complaint.[8]  <u>Id.</u> at 6-13.  These include: a "secret breach" when SWPA "deceptively did not fulfill the grade increase condition of [the 2000 settlement] agreement, <u>id.</u> at 11; "multiple occasions" when "because of job series, manipulation of job series, or position duties tinkering" Low was unable "to even apply and/or be successful in obtaining a current 'glass ceiling' position," <u>id.</u>; "four

---

[7]    <u>Morgan</u> does not require an EEOC charge for each incident that is part of a hostile work environment claim.  536 U.S. at 117.

[8]    It is not clear whether Low seeks to assert claims based on these allegations or whether she provides them as background information or proof of discrimination.

recent vacancy announcements – the two most recent GS-15 positions and two GS-14 positions filled; each was filled by a male, the entire total, position filling process spans but a 14-month period," id. at 12; and "the lack of management oversight and ratification of SWPA's behavior by the absence of EEO controls, mandated by 29 CFR § 1614.102(c)-- the lack of documents and no documented pressure from DOE to alter SWPA's employment practices," id. at 13.

The Court lacks jurisdiction over claims arising out of these incidents if they were not brought in one of Low's EEOC charges.  Charge # 1 alleged that Dallas Cooper removed a "major portion of [Low's] job and gave it to a significantly younger female" on August 29, 2007. Dkt. # 25, at 7.  Charge # 2 relates to the advertisement for the Assistant Administrator for Corporate Facilities position and the engineering requirement.[9]  Dkt. # 23, at 19.  Charge # 3 lists numerous incidents, detailed at Part I, supra.  The Court will consider each of the specific allegations in Low's second amended complaint and determine whether each was raised in an EEOC charge.

1.      The vacancy announcement for the Assistant Administrator for Corporate Facilities position, Dkt. # 23, at 3.  This incident was mentioned in charge # 2.  Dkt. # 23, at 17.

2.      The selection of a male for the Assistant Administrator for Corporate Facilities position, Dkt. # 23, at 3.  This incident was mentioned in charge # 3.  Dkt. # 23, at 33.

3.      "[T]he most recent GS-15 selection . . . [of] a male with a history degree in his very young thirties with little federal experience."  Dkt. # 23, at 4.  The Court finds that this incident was

---

[9]      The second amended complaint states that, since 1989, Low has been unable to apply for her supervisor's position.  Dkt. # 23, at 17.  However, the only incident actually mentioned in the second amended complaint is the advertisement for the Assistant Administrator for Corporate Facilities position.

not brought as a claim in any of Low's EEOC charges.  Therefore, the Court lacks jurisdiction over claims arising out of this incident.

4.      The "secret breach" when SWPA "deceptively did not fulfill the grade increase condition of [the 2000 settlement] agreement," Dkt. # 23, at 11.  The Court previously dismissed claims arising out of this incident for failure to exhaust administrative remedies.  Case No. 4:09-CV-0398-CVE-PJC, Dkt. # 22.  The Court again finds that this "secret breach" was not brought as a claim in any of Low's EEOC charges and, therefore, that the Court lacks jurisdiction over claims arising out of this incident.

The remainder of Low's allegations appear to be background information, circumstantial evidence of discriminatory intent and/or evidence of disparate impact, and vague references to unspecified events.  The Court is unable to determine whether Low seeks to bring claims based on these allegations and, thus, will not render a potentially advisory opinion regarding its jurisdiction over them.  However, the Court does find that it lacks jurisdiction over Low's claims regarding "the most recent GS-15 selection  . . . [of] a male with a history degree in his very young thirties with little federal experience," Dkt. # 23, at 4, and SWPA's "secret breach" of 2000 settlement agreement prior to 2007.

## II.

Low seeks to amend her second amended complaint to eliminate her class claims and state individual claims only.[10]  Rule 15(a) provides that "leave [to amend] shall be freely given when

---

[10]     It is unclear whether Low seeks to assert those individual claims mentioned in her motion to amend (Dkt. # 28) only, or whether she also seeks to re-allege the individual claims from the second amended complaint.  Any third amended complaint would supersede all prior complaints in this case and thus, must state every claim that Low seeks to assert.

justice so requires." <u>Minter v. Prime Equip. Co.</u>, 451 F.3d 1196, 1204 (10th Cir. 2006); <u>Bradley v. Val-Mejias</u>, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Leave may also be denied if the amendment would be futile and subject to dismissal under Fed. R. Civ. P. 12. <u>Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Svcs., Inc.</u>, 175 F.3d 848, 859 (10th Cir. 1999).

A.      <u>Withdrawal of Class Claims</u>

Low seeks to withdraw her class claims and pursue individual claims only in this case. Dkt. # 26, at 1, 5, 13. Defendant sought to strike Low's class allegations because, among other reasons, Low's proposed class definition was inadequate. Dkt. # 24, at 13. Low's proposed class was "certain females employed by [SWPA] and those other females, who at the time were qualified, who applied for SWPA positions, but the positions were not then available to females (illusionary), due to the then, current 'glass ceiling' level: the current level being GS-15, the time period, from current record retention." Dkt. # 23, at 1. Defendant argued that this class definition was improper because it would require the Court to determine, on an individual basis, whether a particular female was qualified for a position. Dkt. # 24, at 13. Further, Low's definition of "qualified" was entirely

subjective.[11]  Had Low not requested to withdraw her class allegations, the Court likely would have

granted defendant's motion to strike the class allegations on this basis.   The Court finds that Low

should be permitted to amend her second amended complaint to eliminate her class claims.

B.      Scope of Claims in the Third Amended Complaint

        Based on her motion to amend, it appears that Low seeks to assert individual claims in a third

amended complaint relating to the following actions or practices:  a "long-established pattern and

practice of . . . total failure to promote females to senior management positions," Dkt. # 26, at 3;

Low's inability to apply for the Assistant Administrator for Corporate Services position due to the

engineering requirement, id. at 8; and the selection of a male for the Assistant Administrator for

Corporate Services position, id. at 9.  Low also states that "[i]ncluded with this amended  . . .

complaint would be: the essence of Low's DOE Case No. 09-0006-SWPA [charge # 2] . . . ; and

Low's Case No. 09-0023-SWPA [charge # 3].[12]  Id. at 13.  Low has already filed two complaints in

this case, each of which was each stricken in its entirety.  Dkt. ## 20, 22.  The Court will not permit

Low to file a third amended complaint containing claims that would be futile to advance.  See

Jefferson County Sch. Dist., 175 F.3d at 859.

        To the extent that Low seeks to bring claims in her third amended complaint that were

dismissed from the second amended complaint for lack of jurisdiction, see supra, such amendment

---

[11]     This is evidenced by the fact that one of the bases for Low's claims is that she was qualified
         for the Assistant Administrator for Corporate Services position but could not apply because
         she did not meet the advertised requirements.  "Qualified" meant Low's view of qualified,
         rather than actually eligible for the position.  Thus, Low's class claims were subject to
         dismissal not because, as she believes, she "has no way of knowing how many females
         applied for GS-15 or above positions," Dkt. # 26, at 5, but because she sought to represent
         a class that was likely too amorphous and subjective to meet class action requirements.

[12]     The Court will not speculate as to the "essence" of these charges.

will not be permitted.  Further, to the extent that Low seeks to bring futile claims, whether new or from the second amended complaint, such amendment will not be permitted.

1.      Claims from the Second Amended Complaint

Defendant argues that Low does not have standing to state a claim regarding the selection of a male for the Assistant Administrator for Corporate Facilities position. Dkt. # 24, at 25.  Low did not apply for the position because of the allegedly discriminatory vacancy announcement.  Dkt. # 23, at 7.

In order to state a claim for employment discrimination under Title VII, a plaintiff must allege that he or she was subject to an "adverse employment action." Sanchez v. Denver Public Sch., 164 F.3d 527, 532 (10th Cir. 1998).  An adverse employment action may be a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Id. (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).  The selection of a male to a position for which Low did not apply is not an adverse employment action. The adverse action was the vacancy announcement, not the subsequent selection.  For this reason, the Court finds that it would be futile for Low to include a claim in her third amended complaint arising out of the selection of a male for the Assistant Administrator for Corporate Facilities position.[13]

Defendant further argues that Low cannot raise a "glass ceiling" claim in her third amended complaint. Dkt. # 24, at 26-27.  In the "Claim of Class Action" section of her second amended complaint, Low essentially alleges that there has been a floating glass ceiling on female

---

[13]     This does not mean that the identity of the person selected for the position is irrelevant; this evidence might support Low's claim of discrimination in the hiring announcement. However, this selection cannot form the basis of an independent claim for relief.

advancement at SWPA.  She states:  "[i]n 1989 and several years forward, no female was selected at the GS-13 level," then, "[i]n 1999, no females had been selected for a GS-14 position," and now "just as Low was unable to apply for her supervisor's position, the other GS-14 females at SWPA were also not able to apply."  Dkt. # 23, at 5.

In <u>Croy v. Cobe Laboratories, Inc.</u>, 345 F.3d 1199, 1203 (10th Cir. 2003), the Tenth Circuit determined that a claim of a "'glass ceiling' on the advancement of female employees" could be more akin to a hostile work environment claim than a discrete act claim and, thus, that exhaustion was not required for each act comprising a glass ceiling claim.  The court distinguished between the plaintiff's allegations of "specific instances of discrimination in the form of failures to promote her in particular circumstances," which were treated as allegations of discrete acts, and allegations of a "<u>continuous</u> failure to promote . . . , which 'did not involve any discrete acts that could or should have triggered any obligation of [plaintiff] to complain to the EEOC.'"  <u>Id.</u> (quoting plaintiff's brief on appeal).  Nonetheless, the court held that the continuing violation doctrine could not save the plaintiff's continuous failure to promote claim because plaintiff "failed to allege <u>any</u> actionable act of discrimination within the limitations period."  <u>Id.</u>

Low has made allegations of a hostile work environment in Case No. 4:09-CV-0398-CVE-PJC, but not in this case.  Her specific allegations in this case regarding a failure to promote are limited to the time period in which she was a GS-14 level employee.  In fact, Low cannot state a continuous failure to promote claim between 1989 and 2000, because she <u>was</u> <u>promoted</u> during that period.[14]  Therefore, <u>Croy</u> does not enable Low to recover on alleged actions dating back to 1989

---

[14]      Hence the Court's characterization of Low's claim as for a "floating" glass ceiling.

for which she has not exhausted administrative remedies.  Low's failure to promote claim is limited to the time period after she obtained a GS-14 level position in 2000.

2.      Pattern-or-Practice Claim

Low seeks to amend her second amended complaint to add an individual claim for a "long-established pattern and practice of . . . total failure to promote females to senior management positions." Dkt. # 26, at 3.  Defendant objects to this proposed amendment on the basis that individuals cannot bring pattern-or-practice claims. Dkt. # 29, at 6.  "Pattern-or-practice" is a claim and a method of proof in Title VII cases.  See Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 359-60 (1977).  The pattern-or-practice method of proof is an alternative to the traditional method of proof in a Title VII case, which is the burden-shifting framework under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under the Teamsters pattern-or-practice method of proof, the plaintiff has the initial burden "to demonstrate that unlawful discrimination has been a regular procedure or policy followed by an employer," but is not required to "offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy." 431 U.S. at 360.  In contrast, the McDonnell Douglas framework requires a plaintiff to establish a prima facie case that he or she was the victim of discrimination.  411 U.S. at 802.

In an unpublished opinion, the Tenth Circuit held that "individual plaintiffs may not utilize the pattern or practice method of proof in Title VII cases."  Semsroth v. Wichita, 304 Fed. App'x 707, 717 (10th Cir. 2008).[15]  The court reasoned that "[t]he disparities between [the pattern-or-practice and McDonnell Douglas] methods of proof and the remedies available demonstrate that the

_____

[15]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

pattern-or-practice method should be reserved for government actions or plaintiffs in class actions to establish the presence of a discriminatory policy, rather than to prove an individual claim." This holding is in accord with the majority of circuit courts to consider the issue. See Bacon v. Honda of Am. Mfg., Inc., 370 F.3d 565, 575 (6th Cir. 2004) (holding that the pattern-or-practice method "is inappropriate as a vehicle for proving discrimination in an individual case" because "it does not address individual hiring decisions"); Celestine v. Petroleos de Venezuella SA, 266 F.3d 343,  356 (5th Cir. 2001) (finding no error in the district court's refusal to apply the Teamsters method of proof in lieu of McDonnell Douglas to plaintiff's individual claims); Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 760-61 (4th Cir. 1998) ("individual plaintiffs are not entitled to the benefit of the Teamsters method of proof"), vacated on other grounds, 527 U.S. 1031 (1999); Brown v. Coach Stores, Inc., 163 F.3d 706, 711-12 (2nd Cir. 1998) (requiring plaintiff to allege specific positions to which she would have applied but for the discriminatory practices, and rejecting her argument that Teamsters relieved her of that burden); Babrocky v. Jewel Food Co., 773 F.2d 857, 866 n.6 (7th Cir. 1985) (noting that plaintiffs' use of pattern-or-practice language "seems to be misplaced" because such suits involve claims of class-wide discrimination, while the plaintiffs had stated individual claims only). But see Davis v. Califano, 613 F.2d 957 (D.C. Cir. 1979) (holding that an individual plaintiff could use the Teamsters method of proof to present her prima facie case of discrimination).

The Court finds that the pattern-or-practice method of proof is inappropriate in this case, because Low seeks to recover for particular actions taken against her. Therefore, Low will not be permitted to assert a pattern or practice claim in her third amended complaint.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss All or Part of Plaintiff's Amended Complaint (Dkt. # 24) is **granted in part** and **denied in part**: it is granted as to Low's individual claims regarding "the most recent GS-15 selection . . . [of] a male with a history degree in his very young thirties with little federal experience," and SWPA's "secret breach" of 2000 settlement agreement prior to 2007; the remainder of the motion is denied.

**IT IS FURTHER ORDERED** that "Plaintiff's Opening Motion for Leave of Court for Plaintiff to Amend Class Action Claim with Individual Claim in Keeping with Failed EOOC Procedure Envisioned Generally in 29 C.F. R. §1614.204, and Specifically in 29 C.F.R. §1614.204(d)(7), and/or in the alternative, Amend Pursuant to Fed. R. Civ. P 15(a)(2)" (Dkt. # 26) is **granted**. Plaintiff may file a third amended complaint no later than **February 3, 2010**; provided, however, that the third amended complaint shall comply with the following conditions:

1.      The document shall be titled "Third Amended Complaint."

2.      The third amended complaint shall comply with the Court's previous Opinion and Orders in this case and in Case No. 4:09-CV-0398-CVE-PJC, particularly the Court's Opinion and Orders regarding the titles of pleadings and pleading requirements.

3.      The third amended complaint shall not allege any claims that this Court has previously dismissed in this case or in Case No. 4:09-CV-0398-CVE-PJC.

4.      The third amended complaint shall not allege any claims that this Court has determined would be futile to assert.

5.      Each of Low's claims for relief shall be set out in separately numbered counts of the third amended complaint. Each separately numbered count stating a claim for relief shall contain a short, plain statement of:

a.      the adverse employment action(s) that forms the basis for that claim; and

b.      the legal basis for defendant's liability.

Neither the general allegations nor the separately numbered counts shall include descriptions of employment actions that do not form the basis of liability (for example, actions that are circumstantial evidence of discrimination).

**IT IS FURTHER ORDERED** that no further amended complaints will be permitted.

**IT IS FURTHER ORDERED** that failure to comply with this or any of the Court's Opinions and Orders in this case and Case No. 4:09-CV-0398-CVE-PJC, or the Federal Rules of Civil Procedure, may result in **sanctions**.

**DATED** this 27th day of January, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT